UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF | * |
| | * |
| NOMALANGA MOROADI SELINA CHOLOTA | *     Misc. No. 24-160 |
| | * |
| | * |

**MEMORANDUM ORDER AND CERTIFICATION**

Pending before the Court is the United States' request that the Court certify to the Secretary of State pursuant to 18 U.S.C. § 3181 *et seq.* and the relevant treaty that the legal requirements for extradition of Nomalanga Moroadi Selina Cholota to the Republic of South Africa (South Africa) pursuant to an extradition request by that country have been satisfied. For the reasons set forth below, the undersigned certifies that Ms. Cholota is extraditable and orders that Ms. Cholota be committed to the custody of the United States Marshal until the Secretary of State renders a decision on extradition and surrender pursuant to 18 U.S.C. § 3186.

**I.  Background**

In 2022, the government of South Africa submitted a formal request to the United States for the extradition of Ms. Cholota. ECF Nos. 1-1 and 16-1. On April 12, 2024, the United States, in fulfilling its treaty obligation to South Africa, filed a Complaint in support of a warrant for the arrest of Ms. Cholota. ECF Nos. 1 ¶ 1 and 17; *see generally Zhenli Ye Gon* v. *Holt*, 774 F.3d 207, 210-211 (4th Cir. 2014) (describing the procedure for extradition at the request of a foreign government); *Mironescu* v. *Costner*, 480 F.3d 664, 665 (4th Cir. 2007) (same). This Complaint was filed in accordance with 18 U.S.C. § 3184 and the Extradition Treaty Between the Government of the United States of America and the Government of the Republic of South Africa, U.S.-S. Afr., Sept. 16, 1999, S. TREATY DOC. NO. 106-24 (2000) (the Extradition

Treaty). ECF No. 1 ¶ 2. The Complaint alleged that South African authorities had charged Ms. Cholota with fraud and corruption-related offenses alleged to have been committed within the jurisdiction of South Africa and that, pursuant to the Extradition Treaty, South Africa had submitted a formal request through diplomatic channels for the extradition of Ms. Cholota to South Africa. *Id.* at ¶¶ 3-4. The Complaint sought the arrest of Ms. Cholota to bring her before this Court so that the evidence of criminality could be heard and considered. *Id.* at 14[1]; 18 U.S.C. § 3184.

Also on April 12, 2024, the Honorable Charles D. Austin issued an arrest warrant for Ms. Cholota. ECF No. 4. Ms. Cholota was brought before the Court pursuant to this warrant on April 15, 2024, at which time the Court held Ms. Cholota's initial appearance and appointed counsel to represent her in connection with these proceedings. ECF Nos. 7 and 9. The Court initially ordered that Ms. Cholota be temporarily detained pending a detention hearing, but Ms. Cholota subsequently consented to detention, and she currently remains in the custody of the United States Marshal. ECF Nos. 10 and 14. An extradition hearing was initially set for April 19, 2024, but was continued at the parties' joint request until May 9, 2024.

On May 9, 2024, the Court granted Ms. Cholota's request that the extradition hearing be continued for 30 days over the United States' objection and rescheduled the extradition hearing for June 7, 2024. ECF Nos. 18 and 19. On May 21, 2024, the United States moved to proceed with the extradition hearing forthwith. ECF No. 20. The Court denied that motion based, in part, on the fact that Ms. Cholota's counsel was unavailable before the rescheduled hearing date because of his concurrent obligations in connection with representation of a defendant in a complex, multi-defendant criminal trial that began on May 13, 2024. ECF No. 22; s*ee also*

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

*United States* v. *Hairston, et al.*, Crim. Action No. BAH-22-140 (D. Md.).  On June 7, 2024, the Court held an extradition hearing pursuant to 18 U.S.C. § 3184.  ECF No. 24.  Also on June 7, 2024, Ms. Cholota filed an affidavit with the Court and asked, without objection from the United States, that it be included in the record of the extradition hearing proceedings.  ECF No. 23.

**II.     Discussion**

Pursuant to 18 U.S.C. § 3184, once a judicial officer has "issued the extradition warrant and the fugitive has been apprehended, [s/]he is brought before that judge for an extradition hearing."  *Zhenli Ye Gon*, 774 F.3d at 210-211.  Importantly, an extradition hearing "is not a full trial."  *Id.* at 210.  "Evidence heard by a court at an extradition hearing is generally restricted to written submissions, authenticated documentary evidence, and information provided by the requesting government."  *In re Extradition of Mitchell*, 625 F. Supp. 3d 481, 492-493 (N.D. W. Va. 2022); *see also* 18 U.S.C. § 3190 (providing that "[d]epositions, warrants, or other papers or copies thereof offered in evidence upon the hearing of any extradition case shall be received and admitted as evidence" at an extradition hearing).  The limited purpose of the extradition hearing is to determine if the "evidence [is] sufficient to sustain the charge under the provisions of the proper treaty."  18 U.S.C. § 3184.  This is because "[e]xtradition is an executive, not a judicial, function," and therefore "the judiciary serves an independent review function delegated to it by the Executive and defined by statute."  *In re Extradition of Exoo*, 522 F. Supp. 2d 766, 775 (S.D. W. Va. 2007) (internal quotation marks and citation omitted).

Thus, the Court's role is merely to "determine whether the legal requirements for certification are satisfied."  *In re Extradition of Mitchell*, 625 F. Supp. 3d at 492.  Upon such a finding, the governing statute directs that the judicial officer "shall certify the same, together with a copy of all the testimony taken . . . , to the Secretary of State, . . . and [s/]he shall issue [a] warrant for the commitment of the person so charged to the proper jail, there to remain until such

3

surrender shall be made." 18 U.S.C. § 3184. The ultimate decision of whether to extradite the fugitive rests with the Secretary of State. 18 U.S.C. § 3186; *Mironescu*, 480 F.3d at 666.

At an extradition hearing, the Court's inquiry is limited to determining whether: (1) the judicial officer is authorized to conduct the extradition hearing; (2) the Court has subject matter and personal jurisdiction over the fugitive; (3) the applicable treaty is in full force and effect; (4) the crimes for which extradition is requested are covered by the applicable treaty; and (5) there is sufficient evidence to support a finding of probable cause as to the charge for which extradition is sought. *In re Extradition of Mitchell*, 625 F. Supp. 3d at 492; *Matter of Extradition of Etouman*, 533 F. Supp. 3d 312, 316 (E.D. Va. 2021); *In re Extradition of Tawakkal*, Crim. Action No. 3:08MJ118, 2008 WL 3895578, at *3-4 (E.D. Va. Aug. 22, 2008). With respect to the last inquiry, the "probable cause standard is identical to the probable cause standard applicable in preliminary hearings in federal criminal proceedings." *In re Extradition of Exoo*, 522 F. Supp. 2d at 777. The Fourth Circuit has defined probable cause in this context as whether there is "reasonable ground to believe the accused guilty" of charged crimes. *Atuar* v. *United States*, 156 Fed. Appx. 555, 560 (4th Cir. 2005) (quoting *Fernandez* v. *Phillips*, 268 U.S. 311, 312 (1925)). Each of the required inquiries is addressed in turn below.

A.   **Authorization of the Judicial Officer**

The undersigned is authorized to conduct the extradition hearing by virtue of the governing statute and this Court's Local Rules. Section 3184 provides, in pertinent part, that "any magistrate judge authorized so to do by a court of the United States" may issue a warrant for the apprehension of a person charged with criminal offenses by a foreign government that is a party to an extradition treaty so that "evidence of criminality may be heard and considered." 18 U.S.C. § 3184; *Ordinola* v. *Hackman*, 478 F.3d 588, 597 (4th Cir. 2007) ("Pursuant to 18 U.S.C.A. § 3184, a magistrate judge has jurisdiction to review the evidence to determine whether

an extradition request can be sustained under a treaty."). Local Rule 301.6(v) (D. Md. 2023) specifically authorizes the United States Magistrate Judges of this Court to conduct "international extradition proceedings pursuant to 18 U.S.C. § 3184."

### B. Subject Matter and Personal Jurisdiction

Section 3184 vests this Court with subject matter jurisdiction over extradition proceedings. 18 U.S.C. § 3184 (providing that extradition proceedings may be conducted by "any justice or judge of the United States, or any magistrate judge authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any State"); *Zhenli Ye Gon*, 774 F.3d at 210 ("only judicial officers with jurisdiction over the place where the fugitive is 'found' may conduct these extradition proceedings"). Pursuant to the same statute, this Court also has jurisdiction over any person found within its jurisdiction. 18 U.S.C. § 3184. Here, Ms. Cholota has an active Maryland driver's license that lists a home address in Baltimore, Maryland, where she was arrested, thus vesting this Court with personal jurisdiction over her. ECF Nos. 1 ¶ 7, 4, 16 at 25, and 16-20 at 6; *Zhenli Ye Gon*, 774 F.3d at 213 ("The most logical reading of the text of § 3184 supports the view that the fugitive's location at the time extradition proceedings are brought against [her/]him determines where [s/]he is 'found.'").

### C. Treaty in Full Force and Effect

Section 3184 provides for extradition where "a treaty or convention for extradition" is in force "between the United States and any foreign government." 18 U.S.C. § 3184; *see also In re Extradition of Etouman*, 533 F. Supp. 3d at 316. The United States has submitted a declaration from an attorney with the Office of the Legal Advisor for the United States Department of State attesting that the Extradition Treaty between the United States and South Africa has been in full force and effect since June 25, 2001. ECF No. 16-19 ¶ 2. Courts in this Circuit give "substantial weight to the determination of the government's political departments on whether a treaty is still

5

in effect." *In re Extradition of Nezirovic*, Civil Action No. 7:12MC39, 2013 WL 5202420, at *4 (W.D. Va. Sept. 16, 2013); *Arambasic* v. *Ashcroft*, 403 F. Supp. 2d 951, 955 (D.S.D. 2005); *see also Meza* v. *U.S. Atty. Gen.*, 693 F.3d 1350, 1358 (11th Cir. 2012) ("We and every other Court of Appeals to consider whether a treaty has lapsed ha[ve] deferred to the Executive's determination.") (alteration in original) (internal quotation marks and citation omitted). The United States has therefore established that an extradition treaty is in full force and effect.

### D. Crimes Covered by the Treaty

The Court must next determine whether the offenses Ms. Cholota is alleged to have committed are covered by the Extradition Treaty. In doing so, the Court "construe[s] extradition treaties liberally in favor of surrendering a fugitive to the requesting country, in the interest of justice and friendly international relationships." *Nezirovic* v. *Holt*, 779 F.3d 233, 239 (4th Cir. 2015) (internal quotation marks and citation omitted). Article 1 of the Extradition Treaty provides that the United States and South Africa "agree to extradite to each other, pursuant to the provisions of the Treaty, persons whom the authorities in the Requesting State have charged with or convicted of an extraditable offense." ECF No. 16-19 at 11. Article 2 defines extraditable offenses as including, among other things, an offense that "is punishable under the laws in both States by deprivation of liberty for a period of at least one year." *Id*.

The determination of whether criminal offenses are punishable under the laws of the United States requires examination of "whether the conduct is illegal under United States federal law, the law of the state in which the fugitive was found, or the law of a preponderance of states." *In re Extradition of Etouman*, 533 F. Supp. 3d at 317; *accord In re Extradition of Mitchell*, 625 F. Supp. 3d at 495; *In re Extradition of Hughes Lagadec*, 394 F. Supp. 3d 542, 546 (E.D.N.C. 2019). As the Court of Appeals for the Fourth Circuit has explained, this requirement "is satisfied if the particular act charged is criminal in both jurisdictions, even if the name of the

offense or the scope of the liability was different in the two countries." *Zhenli Ye Gon*, 774 F.3d at 217 (internal quotation marks and citation omitted).  Thus, it is required "only that the offenses in the two countries punish the same basic evil," not that "the offenses contain identical elements." *Id.*

Here, South African authorities have charged Ms. Cholota with four counts of fraud contrary to South African common law (Counts 3-6) and five counts of corruption contrary to the South African Prevention and Combatting Corrupt Activities Act 12 of 2004 (Corrupt Activities Act) (Counts 15-19).[2]  ECF Nos. 16 at 27 and 16-5 at 23, 25-28.  Fraud, as defined under South African law (ECF No. 16-21), addresses the "same basic evil" as federal offenses that criminalize fraudulent conduct, such as the mail fraud and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343.  Sections 3 and 4 of the Corrupt Activities Act prohibit the same conduct as that prohibited by the federal bribery statute, 18 U.S.C. § 201, and the Maryland bribery statute, Md. Code Ann., Crim. Law § 9-201.  ECF No. 16-22 at 9.  The Corrupt Activities Act also encompasses conduct by anyone who conspires with another person to commit corruption (ECF No. 16-22 at 10-11), just as federal law prohibits aiding and abetting and conspiracy to commit a criminal offense, 18 U.S.C. §§ 2 and 371.  The penalties applicable to violations of the charged South African offenses and their federal and Maryland analogues all meet the requirements of the Extradition Treaty.  Thus, the charged offenses are extraditable offenses under the Extradition Treaty.

---

[2] Ms. Cholota is charged with violating Section 3(a)(ii) and/or 3(a)(iii) and/or 3(a)(iv) or, in the alternative, Section 4(1)(a)(i) and/or 4(1)(a)(ii) and/or 4(1)(a)(iii) of the Corrupt Activities Act.

### E. Probable Cause for Each Charge

In issuing the warrant for Ms. Cholota's arrest, Judge Austin determined that probable cause exists to support the charged offenses. The undersigned concurs. As noted, the required evidentiary threshold is a "reasonable ground to believe" that Ms. Cholota committed the charged offenses. *Atuar*, 156 Fed. Appx. at 560. The submission offered by the United States on behalf of South Africa outlines a conspiracy to engage in government contracting fraud and misappropriate government funds for the personal benefit of government officials and others. ECF Nos. 16 at 29-31, 16-5, 16-6, and 16-20. Ms. Cholota is alleged to have knowingly engaged in this scheme by using her government position to facilitate corrupt financial transactions. ECF Nos. 16 at 30-31, 16-5, 16-6, 16-9, 16-12, and 16-20. South Africa's extradition request is accompanied by indictments, sworn statements and affidavits, a forensic audit, emails, and many other documents, all of which amply support a finding of probable cause to believe both that Ms. Cholota is the individual named in the pending South African indictment and that she committed the charged offenses. The evidence before this Court is sufficient to justify Ms. Cholota's commitment for trial had the offenses with which she is charged been committed in the United States.[3]

### III. Conclusion

Having heard and considered the applicable law, filings, arguments of counsel, and the proffered evidence of criminality pursuant to 18 U.S.C. § 3184 and having found that all of the criteria for extradition have been satisfied, it is hereby CERTIFIED that the evidence against Ms.

---

[3] Ms. Cholota does not challenge the authenticity of the documents submitted in support of South Africa's extradition request. *See* 18 U.S.C. § 3190.

Cholota is sufficient to sustain the charges under the provisions of the proper treaty and, accordingly, Ms. Cholota is extraditable.

It is further ORDERED that Ms. Cholota is committed to the custody of the United States Marshal pending the Secretary of State's decision on extradition and surrender pursuant to 18 U.S.C. § 3186.

It is further ORDERED that the Clerk of the Court shall forward a certified copy of this Memorandum Order and Certification, together with a copy of the evidence presented in connection with these proceedings (ECF Nos. 1, 16 (inclusive of all attached exhibits), and 23), to:

1. The Honorable Antony J. Blinken
   Secretary of State
   U.S. Department of State
   2201 C Street, NW
   Washington, DC, 20520; and

2. Kerry A. Monaco
   Associate Director – Litigation & Legal Policy
   Office of International Affairs
   Criminal Division
   U.S. Department of Justice
   1301 New York Avenue, NW
   Washington, DC, 20530.

It is further ORDERED that the Clerk of the Court will flag this filing as a Memorandum Opinion and Order, docket it as such, and close this case.


Date: June 7, 2024                    /s/
                                                       Erin Aslan
                                                       United States Magistrate Judge